Infanzón & Rodríguez, Recurrente, v. El Registrador de Guayama, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una escritura de compraventa.

No. 282.—Resuelto en junio 20, 1916.

Calificàción de Títulos—Deber del Registrador—Hechos que no Constan de los Documentos Presentados, ni del · Registro—Conocimiento Propio.—De acuerdo con el artículo 18 de la Ley Hipotecaria, los registradores calificarán bajo su responsabilidad la legalidad de las escrituras en cuya virtud se solicite la inscripción y la capacidad de los otorgantes por lo que resulte de las mismas escrituras, sin que les sea permitido basar su calificación en hechos que no aparezcan de los documentos presentados a su consideración, ni del registro. En el caso de autos el registrador denegó la inscripción del documento presentado, por ser uno de los otorgantes hermano político del notario · autorizante, cuyo hecho sólo le constaba por · conocimiento propio, y se revocó la nota recurrida.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. José C. Ramos.*

El registrador recurrido Sr. Rafael Tirado Verrier compareció en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Presentada en el Registro de la Propiedad de Guayama cierta escritura de compraventa otorgada ante el Notario José C. Ramos el 29 de marzo de 1909 por José J. Aponte, marshal de la Corte de Distrito de Guayama, y Alberto E. Vázquez, mandatario verbal de la mercantil de Mayagüez, "Infanzón y Rodríguez," el registrador se negó a inscribirla por medio de la siguiente nota:

"Denegada la inscripción del precedente documento por el defecto insubsanable de ser nulo toda vez que siendo uno de los otorgantes del mismo Alberto E. Vázquez, hermano político, y, por tanto, pariente dentro del segundo grado de afinidad del notario autorizante, se ha contravenido lo dispuesto en la sección octava de la ley para regular el· ejercicio de la profesión notarial en Puerto Rico aprobada

en marzo ocho de mil novecientos seis; tomándose anotación preventiva ＊ ＊ ＊."

Notificada la anterior calificación el 29 de mayo de 1916, el mismo día se interpuso contra ella el presente recurso gubernativo, señalándose luego, en 14 de junio actual, la comisión de los siguientes errores:

1. El Registrador de la Propiedad de Guayama erró al basar su calificación en hechos que no aparecen de los documentos presentados a su consideración, ni del registro, y 2, al considerar nula la escritura presentada.

Examinada en efecto la escritura de compraventa de que se ha hecho mérito, nada puede deducirse de ella con respecto al hecho que sirvió de base al registrador para negarse a inscribirla. Tampoco hay constancia de tal hecho en los libros del registro. Pero el registrador sostiene que constándole por conocimiento propio que el otorgante Vázquez es hermano político del notario que autorizó la escritura, está obligado a rehusar su inscripción en el registro.

A nuestro juicio la actitud asumida por el registrador, no está autorizada por la ley.

Esta, en su artículo 18, dice terminantemente así: "Los registradores calificarán bajo su responsabilidad la legalidad de las escrituras en cuya virtud se solicite la inscripción y la capacidad de los otorgantes por lo que resulte de las mismas escrituras." Edición oficial de la Ley Hipotecaria, página 34.

Y la Dirección General de los Registros de España en sus resoluciones de 4 de mayo de 1883 y 18 de junio de 1898, estableció la siguiente doctrina:

"Considerando que la calificación que incumbe a los registradores de los documentos sujetos a registro, han de hacerla por lo que resulte de los mismos, sin que les sea lícito alegar como fundamento las noticias particulares que pudieran tener con respecto a hechos que no aparecen demostrados en los documentos." Colección oficial de Leyes, etc., referentes al registro. Años 1882–86, págs. 77 y 79.

"Considerando, en cuanto al primer motivo en que funda el registrador su negativa a extender las notas marginales de consumación

de la venta, que, con arreglo a la doctrina de la Ley Hipotecaria, reiteradamente expuesta por esta dirección, los registradores de la propiedad, a los efectos de admitir, suspender o denegar la inscripción de los documentos que se les presenten a inscripción, han de atenerse exclusivamente a lo que resulte de los asientos del registro y de los mismos documentos, no pudiendo en ningún caso fundar su calificación en otros datos distintos de los expresados." Colección oficial de leyes, etc., referentes al registro. Años 1896–99, págs. 628 y 632.

Véanse también las decisiones de esta corte en los casos de *Rivera* v. *Registrador de Caguas,* 17 D. P. R. 323, 324, y *Ortiz* v. *Registrador de Guayama,* 22 D. P. R. 339 y 341, y los Comentarios de Galindo, 4ª. edición, tomo 2, p. 10.

Por virtud de lo expuesto, procede la revocación de la nota recurrida. No es necesario, ni pertinente, que consideremos el otro error señalado.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.